**07 CIV 8823**

File No: 801815

JUDGE SCHEINDLIN

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF THE STATE OF NEW YORK

---

SCOTT WEILL,                                              :

                        Plaintiff,            : Civil Action No.

    -against-

WEBSTER TRUCKING CORP. and                                :
JOHNAS ANTHENY,

                      Defendants.           :

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW YORK:

    Defendants, Webster Trucking Corp. and Anthony J. Almanzar (Improperly Identified in Plaintiff's Complaint as Johnas Antheny), by and through its attorneys, Rawle & Henderson LLP, respectfully aver as follows:

    1.    At all material times, plaintiff, Scott Weill, was and is a citizen of the State of New York and currently is a resident of the County of Bronx, City and State of New York. (See Exhibit "A" - Plaintiff's Verified Complaint).

    2.    Defendant, Webster Trucking Corp. at all material times, is a corporation incorporated under the laws of the State of Massachusetts with its principal place of business in Burlington, Massachusetts.

    3.    Defendant, Anthony J. Almanzar (Improperly Identified in Plaintiff's Complaint as Johnas Antheny), at all material times, was and is a resident of the State of Massachusetts.

2162659-1

4. Plaintiff commenced this civil action against defendants in the Supreme Court of the State of New York, County of Bronx. A copy of the Summons and Verified Complaint was served upon defendant, Webster Trucking Corp. on or about September 20, 2007. As of this date, Defendant, Anthony J. Almanzar (Improperly Identified in Plaintiff's Complaint as Johnas Antheny), has not been served with a copy of plaintiff's Summons and Verified Complaint. Notwithstanding the foregoing, this Petition for Removal to Federal Court is timely filed.

5. A review of plaintiff's Complaint reveals that it does not contain an addendum clause. However, plaintiff is alleging in the Complaint that:

> Plaintiff, Scott Weill, sustained severe permanent
> personal injuries; and Plaintiff, Scott Weill, was
> otherwise damaged. (See Exhibit "A", Paragraph 15.)
>
> That plaintiff, Scott Weill, sustained serious injuries as
> Defined by Section 5102(d) of the Insurance Law of the
> State of New York. (See Exhibit "A", Paragraph 17.)
>
> That plaintiff, Scott Weill, sustained serious injuries and
> Economic loss greater than basic economic loss as
> defined by Section 5104 of the Insurance Law of the State
> of New York. (See Exhibit "A", Paragraph 18.)
>
> That by reason of the foregoing and the negligence of defendants,
> The plaintiff sustained serious, severe and permanent injuries to
> his head, limbs and body, still suffers and will continue to
> suffer for sometime, great physical and mental pain and
> serious bodily injury, became sick, sore, lame and
> disabled and so remained for a considerable length of time.
> (See Exhibit "A", Paragraph 19.)
>
> That by reason of the wrongful, negligence and unlawful actions
> of the Defendants, aforesaid, the plaintiff, Scott Weill, sustained
> serious injuries as defined in the Insurance Law of the State of
> New York, and has sustained economic loss greater than basic
> economic Loss as defined in said insurance law.
> (See Exhibit "A", Paragraph 20.)

2162659-1

>That by reason of the foregoing and the negligence of the said defendants, this plaintiff, Scott Weill, is informed and verioy believes that his foresaid injuries are permanent and he will permanently suffer from the effects of his aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and inconvenience. (See Exhibit "A", Paragraph 21.)
>
>That by reason of the foregoing, this plaintiff, Scott Weill, was compelled and did necessarily require medical aide and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, Scott Weill, will necessarily incur similar expenses. (See Exhibit "A", Paragraph 22.)
>
>That by reason of the foregoing, the plaintiff, Scott Weill, has been unable to attend to this usual occupation and avocation in the manner required. (See Exhibit "A", Paragraph 23.)
>
>That by reason of the culpable conduct and wrongful, negligent and unlawful actions of the defendants, as the foresaid, plaintiff, Scott Weill, was severely injured, bruised, wounded, suffered, still suffers, and will continue to suffer for sometime great physical pain, and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time. (See Exhibit "A", Paragraph 24.)
>
>That as a result of defendants' negligence as foresaid, the plaintiff, Scott Weill, has been damaged in an amount exceeding the jurisdictional limit of all lower courts which would otherwise have jurisdiction. (See Exhibit "A", Paragraph 25.)

    6.    Based upon a fair reading of Plaintiff's Complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

    7.    Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between plaintiff and defendants since:

    a.    Plaintiff is a citizen and resident of the State of New York;

2162659-1

    b.    Defendant, Webster Trucking Corp., at all material times, was and is a corporation incorporated in the State of Massachusetts with its principal place of business in the State of Massachusetts, and;

    c.    Defendant, Anthony J. Almanzar (Improperly Identified in Plantiff's Complaint as Johnas Antheny), at all material times, is a citizen and resident of the State of Massachusetts.

8.    Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of the filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

9.    Upon information and belief, Defendant, Anthony J. Almanzar (Improperly Identified in Plaintiff's Complaint as Johnas Antheny), has not been served as of the filing of this Petition for Removal. Pursuant to <u>Lewis v. Rago Company</u>, 757 Fed. 2nd 66 (Third Circuit 1985), his consent is not required for this removal. Notwithstanding the foregoing, defendant, Anthony J. Almanzar (Improperly Identified in Plaintiff's Complaint as Johnas Antheny), herein consents to the removal of this matter.

**WHEREFORE**, defendants, Webster Trucking Corp. and Anthonoy J. Almanzar (Improperly Identified in Plaintiff's Complaint as Johnas Antheny), pray that the above captioned action now pending

in the Supreme Court of the State of New York, County of Bronx, be removed there from to this Honorable Court.

                            RAWLE & HENDERSON LLP

By: _____
Jeffrey A. Segal (JS 4861)
140 Broadway, Suite 4636
46th Floor
New York, NY 10005
(212) 858-7570
Attorneys for Defendants,
Webster Trucking Corp. and Anthony J.
Almanzar (Improperly Identified in
Plaintiff's Complaint as Johnas
Antheny

Date: October 4, 2007

2162659-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within captioned Notice of Removal of Action and Rule 7.1 Disclosure Statement was served via regular mail, postage prepaid on the below listed counsel for plaintiff.

> Jack A. Yankowitz, Esquire
> The Yankowitz Law Firm, P.C.
> 175 East Shore Road
> Great Neck, NY 11023

> RAWLE & HENDERSON LLP
>
> */s/ Roseann Dempsey/*
> Roseann Dempsey, Legal Secretary
> To Jeffrey A. Segal

Date: October 4, 2007

2162659-1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
SCOTT WEILL,

              Plaintiff(s),

-against-

WEBSTER TRUCKING CORP. and JOHNAS ANTHENY,

              Defendant(s),
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 300693/07

      Plaintiff, by his attorney, THE YANKOWITZ LAW FIRM, P.C., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

    1.    That on May 11, 2007 the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

    2.    That on May 11, 2007 the defendant, JOHNAS ANTHONY was a resident of the State of Massachusetts.

    3.    That on May 11, 2007 the defendant, WEBSTER TRUCKING CORP., was a domestic corporation.

    4.    That on May 11, 2007 the defendant, WEBSTER TRUCKING CORP., was a foreign corporation.

    5.    That on May 11, 2007, the defendant, WEBSTER TRUCKING CORP., was authorized to and did business in the State of New York.

    6.    That on May 11, 2007 and upon information and belief, the defendant WEBSTER TRUCKING CORP., owned the motor vehicle bearing New Jersey registration number T60X9C.

    7.    That on May 11, 2007, the defendant, JOHNAS ANTHENY, operated and controlled the aforesaid motor vehicle bearing New Jersey registration number T60X9C.

8. That on May 11, 2007 the defendant, JOHNAS ANTHENY, operated and controlled the aforesaid motor vehicle with the knowledge, permission and consent of the defendant, WEBSTER TRUCKING CORP.

9. That on May 11, 2007 the defendant, JOHNAS ANTHENY operated the aforesaid motor vehicle in the course of his employment with defendant, WEBSTER TRUCKING CORP.

10. That on May 11, 2007 the plaintiff, SCOTT WEILL, was the owner and operator of a 2002 Honda motor vehicle bearing New York state registration number ALU7064.

11. That on May 11, 2007, Willis Ave & E 135 St, Bronx, NY, was and still is a public highway used extensively by the public in general.

12. That on May 11, 2007, at the aforesaid location, the aforesaid motor vehicle owned by defendant, WEBSTER TRUCKING CORP. and operated by defendant JOHNAS ANTHENY, struck and came into contact with aforesaid motor vehicle operated by plaintiff SCOTT WEILL.

13. That as a result of the aforesaid contact, plaintiff, SCOTT WEILL, was seriously injured.

14. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

15. That by reason of the foregoing, plaintiff, SCOTT WEILL, sustained severe permanent personal injuries; and plaintiff, SCOTT WEILL, was otherwise damaged.

16. That this action falls within one or more of the exemptions set forth in CPLR §1602.

17. That plaintiff, SCOTT WEILL, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

18. The plaintiff, SCOTT WEILL, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

19. That by reason of the foregoing and the negligence of the defendants, the plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

20. That by reason of the wrongful, negligence and unlawful actions of the defendants, as aforesaid, the plaintiff, SCOTT WEILL, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

21. That by reason of the foregoing and the negligence of the said defendants, this plaintiff, SCOTT WEILL, is informed and verily believes his aforesaid injuries are permanent and he will permanently suffer from the effects of his aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

22. That by reason of the foregoing, this plaintiff, SCOTT WEILL, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, SCOTT WEILL, will necessarily incur similar expenses.

23. That by reason of the foregoing, the plaintiff, SCOTT WEILL, has been unable to attend to his usual occupation and avocation in the manner required.

24. That by reason of the culpable conduct and wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, SCOTT WEILL, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

25. That as a result of the defendants negligence as aforesaid, this plaintiff, SCOTT WEILL, has been damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, SCOTT WEILL, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

DATED: Great Neck, NY
August 29, 2007

Yours, etc.,

THE YANKOWITZ LAW FIRM, P.C.

JACK A. YANKOWITZ
Attorney for Plaintiff
175 East Shore Road
Great Neck, NY 11023
(516)622-6200
File # 6911-07

ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                   SS.:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED: Great Neck, NY
       August 29, 2007

_____
JACK A. YANKOWITZ