File# 801815

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF THE STATE OF NEW YORK

-------------------------------------------------------------------X
SCOTT WEILL,

                Plaintiff(s)

   -against-

WEBSTER TRUCKING CORP. and JOHNAS ANTHENY,

                Defendant(s),
-------------------------------------------------------------------X

**VERIFIED ANSWER**

Civil Action No.: 07-cv-8823

Defendants, Webster Trucking Corp. by and through their attorneys, Rawle & Henderson LLP, answer plaintiff's Complaint, upon information and belief, and aver as follows:

## AS AND FOR THE FIRST CAUSE OF ACTION

1. Denied. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

2. Answering defendant admits that defendant, Anthony Almanzar (improperly identified as Johnas Antheny), on May 11, 2007 was a resident of the State of Massachusetts.

3. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant admits that it is a corporation incorporated under the laws of the State of Massachusetts with its principle place of business in Burlington, Massachusetts.

2171166-1

4. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant admits that it is a corporation incorporated under the laws of the State of Massachusetts with its principle place of business in Burlington, Massachusetts.

5. Answering defendant do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

6. Answering defendant do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant does not respond to the allegations contained in this paragraph of the complaint as same are not directed to it. Lastly, answering defendant denies the allegations contained in this paragraph of the complaint and demands strict proof at trial.

7. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are not directed to it. Lastly, answering defendant denies the allegations contained in this paragraph of the complaint and demands strict proof at trial.

8. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are not directed to it. Lastly, answering defendant admits only that denies the allegations contained in this paragraph of the complaint and demands strict proof at trial.

9. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further

answer, answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are not directed to it.  Lastly, answering defendant admits only that defendant, Anthony Almanzar, operated a tractor trailer on May 11, 2007 within the scope of his employment with answering defendant.  The remaining allegations contained in this paragraph of the complaint are denied and strict proof is demanded at trial.

10.    Denied.  Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

11.    Admitted.

12.    Admitted in part; denied in part.  Answering defendant admits only that there was contact between the trailer portion of the vehicle operated by defendant, Anthony Almanzar (improperly identified in Plaintiff's Complaint as Johnas Antheny) and the vehicle driven by plaintiff, Scott Weill, on May 11, 2007 at or about Willis Avenue & E 125 Street in Bronx, New York.  The remaining allegations contained in this paragraph of the Complaint are denied and strict proof is demanded at trial.

13.    Denied.  Answering defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

14.    Denied.  Answering defendant specifically denies any and all allegations of carelessness and/or negligence and demand strict proof at trial.

15.    Denied.  Answering defendant denies the allegations contained in this paragraph of the Complaint and demand strict proof at trial.

16.    Answering defendant does not respond to the allegations contained in this paragraph of the Complaint and same are conclusions of law.  By way of further answer, answering defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

17. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint and same are conclusions of law. By way of further answer, answering defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

18. Answering defendant does not respond to the allegations contained in this paragraph of the Complaint and same are conclusions of law. By way of further answer, answering defendant denies the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

19. Denied. Answering defendant denies any and all allegations of negligence and demands strict proof at trial.

20. Denied. Answering defendant denies any and all allegations of wrongful, negligence and/or unlawful actions and demands strict proof at trial.

21. Denied. Answering defendant specifically denies any and all allegations of negligence and demand strict proof at trial.

22. Denied. Answering defendant denies the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

23. Denied. Answering defendant denies the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

24. Denied. Answering defendant denies any and all allegations of wrongful, negligence and/or unlawful actions and demands strict proof at trial.

25. Denied. Answering defendant denies any and all allegations of negligence and demands strict proof at trial.

WHEREFORE, answering defendant, Webster Trucking Corp., demands judgment in its favor and against the plaintiff, dismissing plaintiff's Complaint with prejudice as to answering defendant, together with an award of costs and disbursements incurred by said defendant, including attorneys' fees together with such other relief in

2171166-1

favor of defendants as this Honorable Court shall deem appropriate under the circumstances.

## SEPARATE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendants, was the result of an unavoidable accident or sudden emergency.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, rehabilitation services, physical therapy treatment, other health care, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules and, therefore, plaintiff is not the real party in interest with respect said expenses.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

29. Any damages that are deemed to be recoverable against answering defendant, said damages and recovery being specifically denied by said defendants, must be diminished by the amount of the funds which plaintiff has or shall receive from the aforesaid collateral source(s).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

30. Answering defendants assert all defenses available to them pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

31. Plaintiff has not sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

32. To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

33. Plaintiff has failed to mitigate any alleged damages, said damages being specifically denied by answering defendant.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

34. Plaintiff's injuries and/or damages pre-existed or are unrelated to the accident described in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.     No conduct on the part of answering defendant caused or contributed to plaintiff's alleged injuries or damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims are barred or should be reduced by the percentage of plaintiff's own contributory negligence and/or assumption of the risk.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37.     Plaintiff's alleged accident and injuries were proximately caused, in whole or in part, by the fault of third parties for whom answering defendant is not legally responsible.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38.     Plaintiff did not use, or improperly used, any available seat belt and/or shoulder harness, and plaintiff's injuries, which are denied, were caused, contributed to and/or exacerbated by the lack of use, or improper use, of the seat belt and/or shoulder harness, and plaintiff's alleged injuries could have been obviated or mitigated by the use of any available seat belt and/or shoulder harness, and that plaintiff's failure to use, or improper use, of any seat belt and/or shoulder harness was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's failure to use, or the improper use, of any available seat belt and/or shoulder harness was an unreasonable action and in disregard of her own best interests, and accordingly, caused or contributed to the happening of the accident, in accordance with *Curry v. Moser*, 89 A.D.2d 1, 454 N.Y.S.2d 311 (2d Dept. 1982).

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40. Service of process was improper and/or insufficient.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41. This Honorable Court lacks jurisdiction over the answering defendants.

WHEREFORE, answering defendant, Webster Trucking Corp., demand that plaintiff's Complaint be dismissed with prejudice as to them and that judgment be entered in favor of answering defendants and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate under the circumstances.

RAWLE & HENDERSON LLP

By:_____
Jeffrey A. Segal JS 4861
Attorneys for Defendant,
Webster Trucking Corp.
Suite 4636
140 Broadway, 46th Floor
New York, New York 10005
(212) 858-7570
File No. 801732

Dated: October 23, 2007

2171166-1

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the within-captioned Defendants, Webster Trucking Corp.'s Answer was served via first-class mail, postage pre-paid, on counsel for the parties:

Jack A. Yankowitz, Esquire
THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road
Great Neck, NY  11023


RAWLE & HENDERSON LLP

_____
Jeffrey A. Segal, Esquire

Dated:  October 23, 2007

2171166-1